UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| DAJUAN JEROME MIDGETT, | : | CASE NO. 1: 20 CV 33 |
| Plaintiff, | : | |
| vs. | : | OPINON & ORDER |
| BRENT ROBINSON, *et al.*, | : | |
| Defendants. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Dajuan Midgett, a pre-trial detainee in the Richland County Jail, has filed an *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 against Richland County Court of Common Pleas Judge Brent Robinson and Attorney Sean M. Boone. (Doc. No. 1.) The Richland County Court Common Pleas docket indicates that felony drug charges have been brought against the plaintiff, Judge Robinson is presiding in the case, and Mr. Boone was the criminal defense lawyer originally appointed to represent him. *See Ohio v. Midgett*, 2019 CR 0520 (Richland Cty. Ct. of Comm. Pls.)

In his complaint, the plaintiff seeks damages and an order dismissing the state criminal case against him on the grounds that Mr. Boone provided him ineffective assistance of counsel "by improperly filing [a] motion to dismiss on [a] speedy trial violation," and Judge Robinson "denied [his] right to a speedy trial" on October 29, 2019 when he denied the motion. (*See id.* at 5, ¶ IV.)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action

Case No. 1:20-cv-00033
Gwin, J.

that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Upon review, the Court finds that this action must be dismissed.

It is well-established that judges are entitled to absolute immunity from suits from seeking money damages on claims arising out of the performance of their judicial functions, even if they act erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 9-11 (1991); *Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003). Absolute judicial immunity is overcome in only two sets of circumstances, if the judge's actions were "nonjudicial" in nature or were "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12. The plaintiff has not alleged facts plausibly suggesting that Judge Robinson took any action falling outside of the scope of his judicial immunity. To the contrary, his complaint clearly pertains to judicial acts from which the Judge is absolutely immune from suit.

The plaintiff also has alleged no plausible damages claim against Mr. Boone under § 1983. A defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor subject to suit for alleged constitutional rights violations under § 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Jordan v. Kentucky*, No. 3: 09 CV 424, 2009 WL 2163113, at *4 (W.D. Ky. July 16, 2009).

Further, the plaintiff has alleged no plausible claim for relief under § 1983 to the extent he seeks dismissal of his state criminal case. Although a state pre-trial detainee may bring a federal *habeas corpus* action to demand a speedy trial, he may not seek dismissal of pending state charges against him altogether, as the plaintiff seeks to do here. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973); *Atkins v. People of State of Mich.*, 644 F.2d 543, 546-

Case No. 1:20-cv-00033
Gwin, J.

47 (6th Cir. 1981) (pretrial consideration of an exhausted speedy trial claim was proper where the petitioner sought a prompt trial date, as opposed to dismissal of the charges, as relief).

## Conclusion

Based on the foregoing, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: May 1, 2020
                                    *s/ James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE